```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

 4    UNITED STATES OF AMERICA           )
                                         )
 5                                       )
      vs.                                )
 6                                       )  No. 1:10-cr-10124-DPW
                                         )
 7    JEFFREY L. CLEMENS,                )
                                         )
 8                   Defendant.          )

 9

10    BEFORE:   THE HONORABLE DOUGLAS P. WOODLOCK

11

12                       PRETRIAL CONFERENCE

13

14

15         John Joseph Moakley United States Courthouse
                         Courtroom No. 1
16                      One Courthouse Way
                         Boston, MA 02210
17                    Thursday, March 24, 2011
                            11:35 a.m.
18

19


20
                    Brenda K. Hancock, RMR, CRR
21                     Official Court Reporter
           John Joseph Moakley United States Courthouse
22                      One Courthouse Way
                         Boston, MA 02210
23                       (617)439-3214

24

25
```

```
 1    APPEARANCES:

 2         UNITED STATES ATTORNEY'S OFFICE
           By:  David G. Tobin, AUSA
 3         1 Courthouse Way, Suite 9200
           Boston, MA 02210
 4         On behalf of the United States of America.

 5         FEDERAL PUBLIC DEFENDER OFFICE
           By:  Ian Gold, Esq.
 6         51 Sleeper Street, 5th Floor
           Boston, MA 02210
 7         On behalf of the Defendant.

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (The following proceedings were held in open court
2    before the Honorable Douglas P. Woodlock, United States
3    District Judge, United States District Court, District of
4    Massachusetts, at the John J. Moakley United States Courthouse,
5    One Courthouse Way, Courtroom 1, Boston, Massachusetts, on
6    Tuesday, March 24, 2011):
7        THE CLERK:  All rise.
8    (The Honorable Court entered the courtroom at 11:35 a.m.)
9        THE CLERK:  This Honorable Court is now in session.
10   You may be seated.
11       This is the matter of United States versus Jeffrey
12   Clemens, Criminal Action 10-10124.
13       THE COURT:  Well, there appears to have been some
14   confusion in the docket about various aspects of the scheduling
15   here.
16       So, I understand, Mr. Gold, that you want to continue
17   this proceeding.
18       MR. GOLD:  I do, your Honor.  In this case it is I
19   think of particular importance that Mr. Clemens be present
20   during hearings in this case.
21       THE COURT:  So, I understand that tomorrow is not
22   available, Mr. Tobin, for you; is that it?
23       MR. TOBIN:  Unfortunately, your Honor, at this point I
24   cannot say that tomorrow is available.  I will know later today
25   if I am going to be here, but I don't expect the Court to work

1   around my schedule in that respect.  I would prefer to do this
2   sometime next week because I may not be here tomorrow.
3           THE COURT:  Mr. Gold.
4           MR. GOLD:  If I could just alert the Court to the fact
5   that Mr. Clemens' parents are in the gallery, along with
6   Mr. Clemens' brother.  They are very invested in him and his
7   case, and they have traveled from Ohio to be here.  Outside of
8   that fact, there is no --
9           THE COURT:  Well, what does that mean for purposes of
10  scheduling?
11          MR. GOLD:  Simply that it would be desirable, because
12  they are not able to stay longer than tomorrow, based on their
13  own lives it would be desirable for them, since they did travel
14  here in part to show support for Mr. Clemens and to be present
15  during this hearing, it would be desirable, from the
16  defendant's perspective, to do it while they were here.
17          MR. TOBIN:  Your Honor --
18          THE COURT:  What is the -- I do not ordinarily inquire
19  about --
20          MR. TOBIN:  Oh, sure.  I may be going skiing tomorrow
21  with other members of my office.  However, my obligation to the
22  Court certainly comes before my avocation with regard to
23  skiing.  So, if we have to do it tomorrow, I am imperfectly
24  reconciled with that.
25          What I was going to say is, ordinarily I would say a

```
 1   colleague could stand in, but, given the nature of the
 2   allegations, I suspect that I should be here.
 3           THE COURT:  I think so.  Maybe it is for your own
 4   good, but I apologize for taking you off your skis.
 5           MR. TOBIN:  It's quite all right, your Honor.  The way
 6   I ski, maybe it's a smart thing not to be on the slopes
 7   tomorrow.
 8           THE COURT:  So, we will schedule this for tomorrow, I
 9   can only safely say at probably 3:30.
10           MR. TOBIN:  That's fine with the United States, your
11   Honor.
12           THE COURT:  Does that serve Mr. Clemens' family's
13   plans and so on?
14           MR. GOLD:  I spoke with Mr. Clemens this morning.  I
15   believe that it does, yes.
16           THE COURT:  Now, while I do not want to take up
17   anything that is substantive here, perhaps you can just do two
18   things.
19           One, are you, in fact, representing Mr. Clemens, or is
20   this some sort of hybrid representation?
21           MR. GOLD:  Your Honor, I believe the latter.  At least
22   with respect to the pretrial motions -- it was my expectation
23   that this was a likely trial, and that after the motions had
24   been addressed by the Court, if we could be of further
25   assistance, my office, we would, and then represent him fully
```

```
 1   for the purposes of the trial.
 2            THE COURT:  Well, that is something I will have to
 3   inquire into here.  It is almost like a hybrid of a hybrid to
 4   me, and so I want to get it clarified who has what
 5   responsibilities here.
 6            MR. GOLD:  I think that would be helpful, your Honor,
 7   when Mr. Clemens is here.
 8            THE COURT:  The second is, without, obviously, dealing
 9   with the Motion to Dismiss, it seems to me that the case should
10   get set fairly promptly for trial, and so I need to know a
11   little bit about the parties' trial availability here.
12            How long a trial do you anticipate, Mr. Tobin?
13            MR. TOBIN:  I anticipate it will take three or four
14   days from impanelment until verdict, your Honor.  Currently I
15   have no trials pending, and I can be as flexible as the Court
16   needs me to be with regard to scheduling.
17            THE COURT:  Mr. Gold, what about May 2?
18            MR. GOLD:  Your Honor, I could do it May 2.
19            THE COURT:  We have got the potential for some
20   slippage in this, but I am going to schedule this for May 2
21   provisionally, and you will, of course, talk to Mr. Clemens
22   about that.
23            Now, do the parties have any understanding about what
24   the state of exclusions are for Speedy Trial Act purposes?
25            MR. TOBIN:  I believe that virtually all of the time
```

```
 1    is excluded, but I will let my brother speak to that.
 2              THE COURT:  Mr. Gold.
 3              MR. GOLD:  That's my understanding as well.
 4              THE COURT:  Well, we will double check that.  There
 5    seems to have been motions outstanding throughout the time
 6    period here.
 7              MR. GOLD:  That's right.
 8              THE COURT:  There are on the list, anyway -- the
 9    docket, for instance, did not adequately reflect an order of
10    detention here -- but there are on the docket right now two
11    separate Motions to Dismiss.  I understand that the operative
12    one is the motion that was filed on Mr. Clemens' behalf on
13    February 28th by you.
14              MR. GOLD:  Your Honor, to clarify, and this was based
15    on sorting things out in front of the Magistrate Judge, but
16    that's correct.  Docket No. 44 is our motion, which, in effect,
17    contains a summary of the motions that Mr. Clemens desired to
18    press, and those we distributed, since they were all in the
19    docket, in a bound packet as essentially a courtesy copy for
20    the Court and to Mr. Tobin.  It looks like this, your Honor
21    (indicating).
22              THE COURT:  I have not seen it in that form, but I
23    will make sure that I get a copy of it before tomorrow or get
24    that version of it before tomorrow.
25              Now, there was a request for release of the grand jury
```

1  transcript.

2  MR. TOBIN:  I have provided the defense some time ago
3  the grand jury transcript, which Mr. Clemens makes ample use of
4  in the course of his motions.

5  THE COURT:  Now, as I read the papers, there was some
6  suggestion that the entire instructions to the grand jury had
7  not been transcribed or provided.

8  MR. TOBIN:  They had not been transcribed, your Honor.
9  As the Court, perhaps, is aware, I am sure is aware, the
10 instructions to the grand jurors are virtually never part of
11 the transcript.

12 THE COURT:  Are we talking about instructions, or are
13 we talking about the instructions given by the Judge who
14 impaneled the jury?

15 MR. TOBIN:  Oh, no, no.  I'm sorry, Judge.  My
16 understanding was that the issue with regard to instructions,
17 the reference to instructions, was the instruction by me, as
18 the representative of the United States before the grand jury
19 presenting the case, my instructions on the law to the grand
20 jury who was hearing this evidence.

21 THE COURT:  In reviewing the Government's response,
22 there is a suggestion that there was an error on the grand jury
23 minutes --

24 MR. TOBIN:  Yes, your Honor.

25 THE COURT:  -- and that that has been rectified or is

1   about to be rectified.
2           MR. TOBIN:  Yes, your Honor.  I have with me now, and
3   I was prepared to give it to my brother -- in fact, I will give
4   it to him now.  I have a copy for the Court.  I will give it to
5   the Court at the appropriate time, perhaps when we are
6   litigating these motions tomorrow.  I have a letter from APEX,
7   the company that does the transcriptions of the grand jury,
8   actually from Jeffrey Mocanu, M-o-c-a-n-u.  He was the
9   individual in the grand jury room taking the transcript.  I
10  have a letter from him and a corrected page 19, and the word
11  "not" he admits was on the tape, that I did say it.  He missed
12  it in the transcription, and he has rectified that issue.
13          THE COURT:  Now, how long would you anticipate the
14  instructions or the law given to the grand jury to be?  How
15  many pages?
16          MR. TOBIN:  Well, again, I don't know, because they
17  are never --
18          THE COURT:  Right.
19          MR. TOBIN:  How many pages would they be if they
20  became a transcription?
21          THE COURT:  Right.
22          MR. TOBIN:  I don't know.
23          THE COURT:  I am concerned that the record be complete
24  with respect to -- as I read his claims, that the record be
25  complete about what transpired in the grand jury in respect of

1   this case.  So, what I am going to ask you to do is contact the
2   court reporter to find out how quickly the full proceedings can
3   be provided, including the instructions or observations on the
4   law that was made by you.
5           MR. TOBIN:  Of course I can do that, your Honor.  I am
6   trying to go back in my own memory now.  I mean, there are some
7   instances where if the grand jury has already heard a case of
8   where the same charges are made or that they have heard it
9   repeatedly, sometimes they are not reinstructed anew for the
10  individual case they are hearing.
11          THE COURT:  Well, whatever --
12          MR. TOBIN:  Whatever we have, of course.
13          THE COURT:  -- pertains specifically to Mr. Clemens is
14  what I am looking for right now --
15          MR. TOBIN:  All right, your Honor.  I will make some
16  inquiries.
17          THE COURT:  -- and see if we can have the record
18  complete with respect to that.  Whether it is relevant or not
19  is another matter, but I want the record to be complete.
20          So, we will proceed on the assumption that we are
21  going to be going to trial in this case on May 2nd.  It may
22  shift forward to the week of May 9th, so the parties should
23  hold themselves available.  But I want to have the case
24  promptly resolved at trial, unless there is something else we
25  need to know about.

1    MR. TOBIN:  Your Honor, if I may, I understand the
2    Court's request, and I just have never had the request before.
3    It is just novel for me to ask the instruction to have been
4    asked --
5        THE COURT:  If you object to it, you will file a paper
6    saying --
7        MR. TOBIN:  Yes, of course, your Honor.  I may not.  I
8    just would like to check with some of the folks in my office.
9        THE COURT:  I think I want you to do that promptly so
10   that it can be taken up by tomorrow afternoon.
11       MR. TOBIN:  Of course, your Honor.  I will check on
12   all of that right now, but it may not be an issue at all.
13       THE COURT:  At this stage I cannot conceive of any
14   objection that would be meritorious to the direction that I
15   have given here, and it seems to me provident, rather than to
16   slice too thin the people's exposure to the grand jury
17   information, to simply get it all out on the table.
18       MR. TOBIN:  No.  I think there is merit in that.
19   Well, I understand, and I have no real objection at this
20   juncture.  I would just like to check with some of the folks --
21       THE COURT:  Well, if there is one --
22       MR. TOBIN:  I will put something in writing.
23       THE COURT:  -- you will put it in writing, but,
24   without prejudging whatever objection may occur to the
25   imaginations of you or other people in your office, I would

```
 1   encourage you to get the ball rolling on that.
 2              MR. TOBIN:  Oh, I will do it immediately, your Honor.
 3   Thank you.
 4              THE COURT:  So, we will take this up, then, again at
 5   3:30 tomorrow.
 6              I anticipate in your communications with Mr. Clemens
 7   that we would set a separate date for the Motion --
 8              MR. GOLD:  For a full argument on the motion.
 9              THE COURT:  -- full argument on the Motion to Dismiss,
10   because there are still some additional materials that may be
11   coming to light.  And you will inform him of the date of trial,
12   and both of you will make arrangements to be sure that your
13   witnesses are going to be available at that time period.  But
14   it is a firm date --
15              MR. TOBIN:  Thank you, your Honor.
16              THE COURT:  -- subject only to cases on before not
17   being completed by May 2nd, but I think they will be.  If they
18   are not, they will be completed by May 9th.
19              MR. GOLD:  May 2nd.
20              THE COURT:  I have a case set for May 9th, but I will
21   push it off, because Mr. Clemens is in custody, and I want to
22   get the case dealt with promptly.
23              MR. TOBIN:  Thank you, your Honor.
24              MR. GOLD:  Thank you.
25              THE COURT:  We will be in recess.  Oh, I am sorry.
```

1           One further point, Mr. Gold.  The four motions that we
2   have outstanding I think are the earlier Motion to Dismiss that
3   was filed by Mr. Clemens.  That, I think, is folded in.  That
4   is No. 6.  That was folded into --
5           MR. GOLD:  44.
6           THE COURT:  -- 44, but I will not act on it until I am
7   clear about that.  But my anticipation would be that I would
8   treat as moot Motion to Dismiss No. 6.
9           The Motion or Request to Order Release of Grand Jury
10  Transcript for Immediate Inspection I am going to be treating
11  as moot, particularly in light of my further instruction,
12  unless there is another argument about it.
13          And there is a Motion to Modify the Conditions of
14  Release that is still outstanding that was not acted upon, but
15  it is superseded by the defendant's arrest here, I anticipate.
16          So, I will be taking them up in that fashion.
17          MR. GOLD:  Thank you, your Honor.
18          THE COURT:  All right.  We will be in recess.
19          THE CLERK:  All rise.
20  (The Honorable Court exited the courtroom at 11:55 a.m.)
21  (WHEREUPON, the proceedings adjourned at 11:55 a.m.)
22
23
24
25

C E R T I F I C A T E

I, Brenda K. Hancock, RMR, CRR and Official Reporter of the United States District Court, do hereby certify that the foregoing transcript constitutes, to the best of my skill and ability, a true and accurate transcription of my stenotype notes taken in the matter of *United States v Jeffrey L. Clemens*, No. 1:10-cr-10124-DPW.

Date: April 1, 2011          /s/ *Brenda K. Hancock*

                             Brenda K. Hancock, RMR, CRR

                             Official Court Reporter