UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 10-10124-DPW |
| | ) | |
| JEFFREY CLEMENS, | ) | CIVIL ACTION NO. |
| | ) | 15-11492-DPW |
| Defendant/Petitioner. | ) | |

MEMORANDUM & ORDER
October 6, 2017

The Supreme Court in *Elonis* v. *United States*, 135 S. Ct 2001 (2015) definitively held that a jury instruction of the type I had earlier used in this case involving allegations of threats — and that the First Circuit had affirmed, *United States* v. *Clemens*, 738 F.3d 1 (1st Cir. 2013) — was erroneous. The Supreme Court's decision in *Elonis* clarified the intent element regarding threats and overturned a long standing and widespread consensus among the lower courts.

While the defendant's *pro* se collateral attack on his conviction — which had been filed before the Supreme Court's decision in *Elonis* — was pending, the Supreme Court held that a substantive rule change, like that effected by *Elonis*, altering the range of conduct the law punishes should be applied retroactively. *Welch* v. *United States*, 136 S. Ct. 1297 (2016). In the wake of

*Elonis* and *Welch,* I appointed skilled and experienced counsel to assist the defendant in sharpening his pending collateral attack petition.

Meanwhile, on remand in *Elonis* the Third Circuit deployed a harmless error analysis to revive that conviction. *United States* v. *Elonis,* 841 F.3d 589 (1st Cir. 2016). *Elonis* again sought a writ of *certiorari.* Anticipating the potential for further instruction on the issues in this case should *certiorari* be granted by the Supreme Court, I deferred acting on the petition before me. The Supreme Court earlier this week denied *certiorari* as to Elonis's challenge to the Third Circuit's harmless error decision on remand to reaffirm that conviction. *Elonis* v. *United* States, 2017 WL 1365652 (U.S. Oct. 2, 2017).

There being no further foreseeable development by the Supreme Court regarding the relevant case law, I now move forward to act on the defendant/petitioner's motion to vacate the conviction before me and will grant it, conditionally, directing that unless the government commits within 60 days of the date of this Memorandum and Order to retrying this case, the charges against the defendant shall be dismissed.

I.

There appears to be no dispute that the instruction given in this case would not survive the Supreme Court's holding in *Elonis.* The Supreme Court directed that a defendant's subjective mental state that he was communicating a threat is a necessary element for conviction of the crime at issue here. My instruction, in keeping with the prevailing consensus in the lower courts, however, employed an objective "reasonable person" standard.

2

II.

The government does not contest that, if applicable, *Elonis* would result in a reversal of the defendant's conviction. Rather, the government argues that by failing to challenge the instruction I gave at trial, the defendant procedurally defaulted his right to raise the issue in collateral attack. The government contends that this procedural default may not be excused because there is neither justifiable cause for the default nor any showing the defendant was prejudiced in the sense that the outcome would have been different if the default had not occurred. I disagree.

- A -

Clemens and his trial counsel had cause recognized by the Supreme Court for failing to press me to give an instruction anticipating *Elonis*. *Elonis* was a decision overturning a longstanding and widespread practice as to which the Supreme Court had not spoken but concerning which there was near unanimous lower court authority expressly approving the prior practice. *See generally Reed* v. *Ross*, 468 U.S. 1, 17 (1984). As the First Circuit observed in this case before *Elonis* was handed down: "[M]ost circuits ha[d] rejected Clemens's argument and this court has applied an objective defendant vantage point standard . . . . Absent further clarification from the Supreme Court, we see no basis to venture further and no basis to depart from our circuit law." *Clemens*, 738 F.3d at 12.

- B -

Considering the development of the evidence during the trial in light of

*Elonis*, I am satisfied that the defendant was prejudiced because there is a reasonable probability that the outcome would have been different had an instruction consistent with *Elonis* been given. To be sure, the First Circuit on direct appeal — without the benefit of *Elonis* — expressed the view "that we have little doubt that if a subjective specific intent instruction had been given, the jury would have, on these facts, found such intent." *Clemens*, 738 F.3d at 13. The First Circuit based this view in part on the commonsensical observation, which I share, that "[i]t is rare that a jury would find that a reasonable speaker would have intended a threat under the particular circumstances of a case but that a competent defendant did not." *Id.*

Based on my own prolonged exposure to Mr. Clemens through this and related litigation, however, I am of the view that he does not always see the world and process information from it in a manner consistent with a reasonable person. Consequently, his subjective understanding about the way in which things he is saying or doing may be understood by others may not be viewed by him as threats when any reasonable person would think otherwise. At the very least, this is an open question of fact for jury determination and I conclude there is some reasonable identifiable probability that a properly charged jury could come to a different outcome than the improperly charged jury at his previous trial.[1]

---

[1] Thus, I do not find the Third Circuit's thoughtfully developed harmless error analysis regarding *Elonis* on remand, *United* States v. *Elonis*, 841 F.3d 589 (3d Cir. 2016) *cert. denied* 2017 WL 1365652 (U.S. Oct. 2, 2017), directly applicable here. *Elonis* and *Clemens* do not present as identically situated concerning subjective intent.

III.

Accordingly, I GRANT defendant/petitioner's motion to vacate his conviction and direct the Clerk to dismiss this criminal case unless the government, within 60 days of this Memorandum and Order, commits to retry the defendant on the charges. In accordance with the spirit of Local Rule 40.1(K)(2), the grant of this motion to vacate having the potential effect of affording a new trial, the case shall be returned for reassignment to another judge for purposes of such a trial if the government chooses to pursue a retrial.

                                         ***/s/ Douglas P. Woodlock***
                                         DOUGLAS P. WOODLOCK
                                         UNITED STATES DISTRICT JUDGE